UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAMAREE RAYSHAWN THOMAS, Booking No. 18101721,<br><br>                                              Plaintiff,<br><br>vs.<br><br>WILLIAM D. GORE, Sheriff, et al.;<br><br>                                              Defendants. | Case No.: 3:18-cv-01929-GPC-MDD<br><br>**ORDER:**<br><br>**1) GRANTING MOTION TO PROCEED IN FORMA PAUPERIS [ECF No. 2]**<br><br>**AND**<br><br>**2) DIRECTING U.S. MARSHAL TO EFFECT SERVICE OF SUMMONS AND COMPLAINT PURSUANT TO 28 U.S.C. § 1915(d) AND Fed. R. Civ. P. 4(c)(3)** |

      Demaree Rayshawn Thomas ("Plaintiff"), while detained at the San Diego County Sheriff Department's Central Jail ("SDCJ") in San Diego, California, and proceeding pro se, has filed a civil rights Complaint pursuant to 42 U.S.C. § 1983. (*See* Compl., ECF No. 1.) Plaintiff claims the Sheriff and several SDCJ and Vista Detention Facility ("VDF") deputies failed to protect him from attack from another inmate in April 2018 while he was in protective custody, refused to provide him adequate medical attention, sexually harassed him, and placed him on a retaliatory disciplinary lockdown after he filed a complaint of

staff misconduct. (*Id.* at 3-5.) He seeks $2 million in general and punitive damages and demands a jury trial. (*Id.* at 7.)

Plaintiff did not pay the fee required by 28 U.S.C. § 1914(a) when he filed his Complaint; instead he has filed a Motion to Proceed In Forma Pauperis ("IFP") pursuant to 28 U.S.C. § 1915(a) (ECF No. 2).

**I.    Motion to Proceed IFP**

All parties instituting any civil action, suit or proceeding in a district court of the United States, except an application for writ of habeas corpus, must pay a filing fee of $400.[1] *See* 28 U.S.C. § 1914(a). The action may proceed despite a plaintiff's failure to prepay the entire fee only if he is granted leave to proceed IFP pursuant to 28 U.S.C. § 1915(a). *See Andrews v. Cervantes*, 493 F.3d 1047, 1051 (9th Cir. 2007); *Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999). However, a prisoner who is granted leave to proceed IFP remains obligated to pay the entire fee in "increments" or "installments," *Bruce v. Samuels*, __ U.S. __, 136 S. Ct. 627, 629 (2016); *Williams v. Paramo*, 775 F.3d 1182, 1185 (9th Cir. 2015), and regardless of whether his action is ultimately dismissed. *See* 28 U.S.C. § 1915(b)(1) & (2); *Taylor v. Delatoore*, 281 F.3d 844, 847 (9th Cir. 2002).

Section 1915(a)(2) requires prisoners seeking leave to proceed IFP to submit a "certified copy of the trust fund account statement (or institutional equivalent) for ... the 6-month period immediately preceding the filing of the complaint." 28 U.S.C. § 1915(a)(2); *Andrews v. King*, 398 F.3d 1113, 1119 (9th Cir. 2005). From the certified trust account statement, the Court assesses an initial payment of 20% of (a) the average monthly deposits in the account for the past six months, or (b) the average monthly balance in the account for the past six months, whichever is greater, unless the prisoner has no assets. *See* 28 U.S.C. § 1915(b)(1); 28 U.S.C. § 1915(b)(4). The institution having custody of the prisoner

---

[1] In addition to the $350 statutory fee, civil litigants must pay an additional administrative fee of $50. *See* 28 U.S.C. § 1914(a) (Judicial Conference Schedule of Fees, District Court Misc. Fee Schedule, § 14 (eff. Dec. 1, 2016). The additional $50 administrative fee does not apply to persons granted leave to proceed IFP. *Id.*

1  then collects subsequent payments, assessed at 20% of the preceding month's income, in
2  any month in which his account exceeds $10, and forwards those payments to the Court
3  until the entire filing fee is paid. *See* 28 U.S.C. § 1915(b)(2); *Bruce*, 136 S. Ct. at 629.

4  In support of his IFP Motion, Plaintiff has submitted a copy of his San Diego County Sheriff's Department Inmate Trust Account Activity and a prison certificate attesting as to his deposits and balances for the 6-month period preceding the filing of his Complaint. *See* ECF No. 2 at 4-5; 28 U.S.C. § 1915(a)(2); S.D. CAL. CIVLR 3.2; *Andrews*, 398 F.3d at 1119. These statements show Plaintiff had an average monthly deposit of $6.67 to his account, carried an approximate average monthly balance of $.04, he had only a $.24 available balance to his credit at the time of filing. *See* ECF No. 2 at 4.

11 Based on this accounting, the Court assesses an initial partial filing fee of $1.33 pursuant to 28 U.S.C. § 1915(a)(1) and (b)(1), but notes Plaintiff may have insufficient funds with which to pay that initial fee at the time this Order issues. *See* 28 U.S.C. § 1915(b)(4) (providing that "[i]n no event shall a prisoner be prohibited from bringing a civil action or appealing a civil action or criminal judgment for the reason that the prisoner has no assets and no means by which to pay the initial partial filing fee."); *Bruce*, 136 S. Ct. at 630; *Taylor*, 281 F.3d at 850 (finding that 28 U.S.C. § 1915(b)(4) acts as a "safety-valve" preventing dismissal of a prisoner's IFP case based solely on a "failure to pay ... due to the lack of funds available to him when payment is ordered.").

20 Therefore, the Court **GRANTS** Plaintiff's Motion to Proceed IFP (ECF No. 2), declines to exact the initial filing fee assessed by this Order because his trust account statements suggest he may have "no means to pay it," *Bruce*, 136 S. Ct. at 629, and instead directs the Watch Commander at the SDCJ, or his designee, to collect the entire $350 balance of the filing fee required by 28 U.S.C. § 1914 and to forward all payments to the Clerk of the Court pursuant to the installment provisions set forth in 28 U.S.C. § 1915(b)(1).

27 ///
28 ///

3

3:18-cv-01929-GPC-MDD

## II. Screening pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A

### A. Standard of Review

Because Plaintiff is a prisoner and is proceeding IFP, his Complaint requires a pre-answer screening pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A(b). Under these statutes, the Court must review and sua sponte dismiss an IFP complaint, and any complaint filed by a prisoner seeking redress from a governmental entity, or officer or employee of a governmental entity, which is frivolous, malicious, fails to state a claim, or seeks damages from defendants who are immune. *See Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc) (discussing 28 U.S.C. § 1915(e)(2)); *Rhodes v. Robinson*, 621 F.3d 1002, 1004 (9th Cir. 2010) (discussing 28 U.S.C. § 1915A(b)). "The purpose of [screening] is 'to ensure that the targets of frivolous or malicious suits need not bear the expense of responding.'" *Nordstrom v. Ryan*, 762 F.3d 903, 920 n.1 (9th Cir. 2014) (quoting *Wheeler v. Wexford Health Sources, Inc.,* 689 F.3d 680, 681 (7th Cir. 2012)).

All complaints must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* The "mere possibility of misconduct" falls short of meeting this plausibility standard. *Id.*; *see also Moss v. U.S. Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009).

"The standard for determining whether a plaintiff has failed to state a claim upon which relief can be granted under § 1915(e)(2)(B)(ii) is the same as the Federal Rule of Civil Procedure 12(b)(6) standard for failure to state a claim." *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012); *see also Wilhelm v. Rotman*, 680 F.3d 1113, 1121 (9th Cir. 2012) (noting that screening pursuant to § 1915A "incorporates the familiar standard applied in the context of failure to state a claim under Federal Rule of Civil Procedure

4

3:18-cv-01929-GPC-MDD

12(b)(6)"). Rule 12(b)(6) requires a complaint "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. at 678 (internal quotation marks omitted); *Wilhelm*, 680 F.3d at 1121.

"When there are well-pleaded factual allegations, a court should assume their veracity, and then determine whether they plausibly give rise to an entitlement to relief." *Iqbal*, 556 U.S. at 679; *see also Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir. 2000) ("[W]hen determining whether a complaint states a claim, a court must accept as true all allegations of material fact and must construe those facts in the light most favorable to the plaintiff."). However, while the court "ha[s] an obligation where the petitioner is pro se, particularly in civil rights cases, to construe the pleadings liberally and to afford the petitioner the benefit of any doubt," *Hebbe v. Pliler*, 627 F.3d 338, 342 & n.7 (9th Cir. 2010) (citing *Bretz v. Kelman*, 773 F.2d 1026, 1027 n.1 (9th Cir. 1985)), it may not "supply essential elements of claims that were not initially pled." *Ivey v. Board of Regents of the University of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982).

### B. Plaintiff's Complaint

Plaintiff claims he is a "protective custody inmate" and on April 15, 2018, while under the supervision of Sheriff Gore at either the SDCJ or VDF, was attacked by another "dangerous" inmate who was known to have "priors of sudden assault." (*See* Compl., ECF No. 1 at 3.) Plaintiff claims he was struck in the face and head, suffered a cracked lip and tooth, and was "knocked out," but Deputy Davila refused to provide him medical attention, placed him on 10 days of 24 hour lockdown, and charged him with a disciplinary offense even though he was the "victim." (*Id.*)

Two months later, on June 18, 2018, Plaintiff claims he was sexually harassed by Deputy Park, who had made verbal race-based sexual advances toward him on several other "private occasions." (*Id.* at 4.) Plaintiff claims this made him feel "cheap and unsafe," so he filed a complaint against Park that resulted in an internal affairs investigation and Park's transfer to another facility. (*Id.*)

///

Finally, on July 9, 2018, Plaintiff claims he asked staff for a single cell because he was "not getting along with [his] cellmate," but Sergeant San Nicholas cuffed and escorted him into a disciplinary cell instead. (*Id.* at 5.) After Plaintiff claimed he felt suicidal, he was escorted to medical, but was not examined by medical staff, and was instead "pushed back in [his] disciplinary cell with handcuffs," and "sexually harassed" by Nicholas who left him there for 30 minutes without access to a restroom. (*Id.*) Plaintiff claims he remained in a disciplinary cell on "24 hour lockdown," with no privileges, contact, or access to the outdoors until at least July 14, 2018, which he claims was retaliatory "for all [his] pending investigations." (*Id.* at 5, 10.)

Based on these allegations, the Court finds Plaintiff's Complaint contains factual allegations sufficient to survive the "low threshold" for proceeding past the sua sponte screening required by 28 U.S.C. §§ 1915(e)(2) and 1915A(b) because it alleges Fourteenth Amendment due process claims which are plausible on its face.[2] *See Wilhelm*, 680 F.3d at 1123; *Iqbal*, 556 U.S. at 678; *Bell v. Wolfish*, 441 U.S. 520, 535 (1979) (Due Process Clause of the Fourteenth Amendment prevents punishment of a pretrial detainee prior to an adjudication of guilt); *Castro v. Cty. of Los Angeles*, 833 F.3d 1060, 1068 (9th Cir. 2016), *cert. denied*, 137 S. Ct. 831 (2017) ("[A] pretrial detainee who asserts a due process claim for failure to protect [must] prove more than negligence but less than subjective intent—something akin to reckless disregard."); *Gordon v. Cty. of Orange*, 888 F.3d 1118, 1124-25 (9th Cir. 2018) (inadequate medical care claims alleged by persons in pretrial custody

---

[2] The Court presumes, for purposes of screening only, that Plaintiff was a pretrial detainee at SDCJ and VDF at the times he alleges to have been injured by Sheriff's Department officials, and that therefore his claims arise under the Fourteenth Amendment rather than the Eighth. *See Castro,* 833 F.3d at 1067-68 ("Inmates who sue prison officials for injuries suffered while in custody may do so under the Eighth Amendment's Cruel and Unusual Punishment Clause, or if not yet convicted, under the Fourteenth Amendment's Due Process Clause.") (citing *Bell,* 441 U.S. at 535). "Under both clauses, the plaintiff must show that the … officials acted with 'deliberate indifference.'" *Id.* at 1068. Plaintiff is cautioned, however, that "the sua sponte screening and dismissal procedure is cumulative of, and not a substitute for, any subsequent Rule 12(b)(6) motion that [any individual defendant] may choose to bring." *Teahan v. Wilhelm*, 481 F. Supp. 2d 1115, 1119 (S.D. Cal. 2007).

"must be evaluated under an objective deliberate indifference standard.") (citing *Castro*, 833 F.3d at 1070).

Accordingly, the Court will direct the U.S. Marshal to effect service upon Defendants on Plaintiff's behalf. *See* 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all process, and perform all duties in [IFP] cases."); FED. R. CIV. P. 4(c)(3) ("[T]he court may order that service be made by a United States marshal or deputy marshal . . . if the plaintiff is authorized to proceed in forma pauperis under 28 U.S.C. § 1915.").

### III.     Conclusion and Orders

For the reasons explained, the Court:

1. **GRANTS** Plaintiff's Motion to Proceed IFP pursuant to 28 U.S.C. § 1915(a) (ECF No. 2).

2. **ORDERS** the Watch Commander of the SDCJ, or his designee, to collect from Plaintiff's trust account the $1.33 initial filing fee assessed, if those funds are available at the time this Order is executed, and to forward whatever balance remains of the full $350 owed in monthly payments in an amount equal to twenty percent (20%) of the preceding month's income to the Clerk of the Court each time the amount in Plaintiff's account exceeds $10 pursuant to 28 U.S.C. § 1915(b)(2). ALL PAYMENTS MUST BE CLEARLY IDENTIFIED BY THE NAME AND NUMBER ASSIGNED TO THIS ACTION.

3. **DIRECTS** the Clerk of the Court to serve a copy of this Order on Watch Commander, San Diego Central Jail, 1173 Front Street, San Diego, California, 92101.

4. **DIRECTS** the Clerk to issue a summons as to Plaintiff's Complaint (ECF No. 1) and forward it to Plaintiff along with a blank U.S. Marshal Form 285 for each named Defendant. In addition, the Clerk will provide Plaintiff with a certified copy of this Order, a certified copy of his Complaint and the summons so that he may serve these Defendants. Upon receipt of this "IFP Package," Plaintiff must complete the Form 285s as completely and accurately as possible, *include an address where each named Defendant may be found and/or subject to service*, and return them to the United States Marshal according to the

instructions the Clerk provides in the letter accompanying his IFP package.

5. **ORDERS** the U.S. Marshal to serve a copy of the Complaint and summons upon the named Defendants as directed by Plaintiff on the USM Form 285s provided to him. All costs of that service will be advanced by the United States. *See* 28 U.S.C. § 1915(d); FED. R. CIV. P. 4(c)(3);

6. **ORDERS** Defendants, once they have been served, to reply to Plaintiff's Complaint within the time provided by the applicable provisions of Federal Rule of Civil Procedure 12(a). *See* 42 U.S.C. § 1997e(g)(2) (while a defendant may occasionally be permitted to "waive the right to reply to any action brought by a prisoner confined in any jail, prison, or other correctional facility under section 1983," once the Court has conducted its sua sponte screening pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A(b), and thus, has made a preliminary determination based on the face on the pleading alone that Plaintiff has a "reasonable opportunity to prevail on the merits," the defendant is required to respond); and

7. **ORDERS** Plaintiff, after service has been effected by the U.S. Marshal, to serve upon Defendants, or, if appearance has been entered by counsel, upon Defendants' counsel, a copy of every further pleading, motion, or other document submitted for the Court's consideration pursuant to FED. R. CIV. P. 5(b). Plaintiff must include with every original document he seeks to file with the Clerk of the Court, a certificate stating the manner in which a true and correct copy of that document has been was served on Defendants or their counsel, and the date of that service. *See* S.D. CAL. CIVLR 5.2. Any document received by the Court which has not been properly filed with the Clerk or which fails to include a Certificate of Service upon Defendants may be disregarded.

**IT IS SO ORDERED**.

Dated: November 8, 2018

Hon. Gonzalo P. Curiel
United States District Judge