UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

DAMAREE RAYSHAWN THOMAS,

Plaintiff,

v.

WILLIAM D. GORE, "Chief" Sheriff
Deputy; CDAVILSH DAVILA, San
Diego Sheriff Deputy; YPARKXSH
PARK, San Diego Sheriff Deputy; and
KSANNISH SANNICOLAS, San Diego
Sheriff Deputy,

Defendants.

Case No.: 3:18-CV-1929-GPC-MDD

**ORDER GRANTING DEFENDANTS
SHERIFF WILLIAM D. GORE AND
DEPUTY YOUNG PARK'S
MOTIONS TO DISMISS**

**[Dkt. Nos. 7, 12]**

Before the Court are motions to dismiss the complaint for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6) brought by Defendant Sheriff William D. Gore ("Sheriff Gore") and Defendant Sheriff's Deputy Young Park[1] ("Deputy Park"). (Dkt. Nos. 7, 12.)  Plaintiff did not file an opposition.  For the reasons below, the Court **GRANTS** both Defendants' motions to dismiss.

---

[1] Defendant Young Park is erroneously sued as Yparkxsh Park.

1

# I.    BACKGROUND

On August 17, 2018, Plaintiff Damaree Rayshawn Thomas ("Plaintiff"), an inmate proceeding *pro per*, filed a complaint alleging claims for constitutional violations under 42 U.S.C. § 1983 while he was housed at San Diego Central Jail and the Vista Detention Center. (Dkt. No. 1, Compl.)  Defendant Sheriff Gore is the Sheriff for the County of San Diego. (Dkt. No. 1 at 2[2].)  Defendant Young Park is a Sheriff Deputy with the San Diego County Sheriff's Department. (*Id.*)

Plaintiff alleges he was subjected to sexual misconduct, racial comments, hate crimes, retaliation, and cruel and unusual punishment on April 15, 2018, June 16, 2018 and July 9, 2018 by Defendants Deputy Young Park, Deputy Cdavilsh Davila, and Deputy Ksannish Sannicolas. (*Id.* at 3-5.)  Plaintiff states that while he was subject to misconduct by Deputy Davila, he was under the supervision of Defendant Sheriff Gore and he was denied security and safety. (*Id.* at 3.)

On the first count, Plaintiff alleges that on April 15, 2018 he was under the protected custody of Defendant Sheriff Gore when he was assaulted and attacked by another inmate. *Id.*  The inmate hit Plaintiff in the face causing him injury to his front tooth and lip.  *Id.* Plaintiff claims that Deputy Davila refused to take him to medical for treatment despite repeated requests. (*Id.*)  Instead, he was read his rights and subject to disciplinary action resulting in "ten days of 24 hour lock down." (*Id.*)

On the second count, Plaintiff alleges, on June 16, 2018, he was sexually harassed and discriminated against due to his ethnic background and sexual orientation by Deputy Park. (*Id.* at 4.)  He alleges that Deputy Park on many different days would ask Plaintiff to say the "4 B's" (Big, Black, Beautiful, Baby) and in exchange Plaintiff would receive extra county food or a county welfare pack. (*Id.*)  On private occasions, Deputy Park would make verbal sexual advances towards Plaintiff saying "Black King" or "Baby."

---

[2] Page numbers are based on the CM/ECF pagination.

(*Id.*) Plaintiff claims this made him feel "very cheap and unsafe." (*Id.*) Deputy Park was moved to another facility after an internal affairs investigation. (*Id.*)

On the third count, Plaintiff claims, on July 9, 2018, he requested staff to place him in a cell by himself because he was not getting along with his cellmate. (*Id.* at 5.) Allegedly, he was handcuffed and escorted to a disciplinary cell by Deputy Sannicolas. (*Id.*) Plaintiff stated he was suicidal and was escorted to medical where he claims he was not seen by medical staff. (*Id.*) Plaintiff also claims he was escorted back to his disciplinary cell in handcuffs where he was then sexually harassed by Deputy Sannicolas. (*Id.*) Plaintiff alleges Deputy Sannicolas made inappropriate comments to him. (*Id.*) Plaintiff then began to lie down, and yelled he was suicidal. (*Id.*) Because Plaintiff's handcuffs were not removed, Plaintiff claims he could not use the medical button in his cell and was unable to use the bathroom. (*Id.*) He alleges that during this period he soiled himself. (*Id.*) As of July 14, 2018, Plaintiff claims he was still in a disciplinary cell, subjected to 24-hour lockdown, not allowed to use the recreation yard, and was prevented from reading books even for legal purposes and using the phone. (*Id.*) Plaintiff seeks damages in the amount of $1,000,000 and punitive damages in the amount of $1,000,000. (*Id.* at 7.)

On December 21, 2018, Defendant Sheriff Gore filed a motion to dismiss the complaint. (Dkt. No. 7.) On January 16, 2019, Defendant Deputy Park filed a motion to dismiss the complaint. (Dkt. No. 12.) Plaintiff's oppositions to the motions were to be filed by February 8, 2019, but to date, he has not filed an opposition.

## Discussion

### A.    Legal Standard under Federal Rule of Civil Procedure 12(b)(6)

A motion to dismiss under Federal Rule of Civil Procedure ("Rule") 12(b)(6) tests the sufficiency of a complaint. *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). Dismissal is warranted under Rule 12(b)(6) where the complaint lacks a cognizable legal theory. *Robertson v. Dean Witter Reynolds, Inc.*, 749 F.2d 530, 534 (9th Cir. 1984); *see*

*Neitzke v. Williams*, 490 U.S. 319, 326 (1989) ("Rule 12(b)(6) authorizes a court to dismiss a claim on the basis of a dispositive issue of law."). Alternatively, a complaint may be dismissed where it presents a cognizable legal theory yet fails to plead essential facts under that theory. *Robertson*, 749 F.2d at 534. While a plaintiff need not give "detailed factual allegations," a plaintiff must plead sufficient facts that, if true, "raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 545 (2007). A claim is facially plausible when the factual allegations permit "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quoting *Twombly*, 550 U.S. at 547). In other words, "the non-conclusory 'factual content,' and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief." *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009) (citation omitted).

While a *pro se* complaint is to be read liberally, such litigants are not exempt from the procedural rules of this Court. *See Weilburg v. Shapiro*, 488 F.3d 1202, 1205 (9th Cir. 2007); *Barrett v. Belleque*, 544 F.3d 1060, 1061-62 (9th Cir. 2008). Rather, *pro se* complaints may be dismissed for failure to state a claim where "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *see also Estelle v. Gamble*, 429 U.S. 97, 106 (1976) (finding a prisoner's pro se complaint was insufficient to state a cause of action). Therefore, this Court need not accept as "true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001) (citation omitted), a*mended on other grounds*, 275 F.3d 1187 (9th Cir. 2001).

Where a motion to dismiss is granted, "leave to amend should be granted 'unless the court determines that the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency.'" *DeSoto v. Yellow Freight Sys., Inc.,* 957 F.2d

655, 658 (9th Cir. 1992) (quoting *Schreiber Distrib. Co. v. Serv-Well Furniture Co.,* 806 F.2d 1393, 1401 (9th Cir. 1986)). In other words, where leave to amend would be futile, the Court may deny leave to amend. *See Desoto,* 957 F.2d at 658*; Schreiber*, 806 F.2d at 1401.

### B.    Plaintiffs' Failure to Oppose Defendants' Motion to Dismiss

Southern District of California Local Civil Rule 7.1 states that "[i]f an opposing party fails to file the papers in the manner required by Civil Local Rule 7.1(e)(2), that failure may constitute a consent to the granting of a motion or other required for ruling by the court." Civ. L. Rule 7.1(f)(3)(c). The time for filing opposition to a motion, set forth in Civil Local Rule 7.1(e)(2), is no later than fourteen (14) calendar days prior to the noticed hearing. Civ. L. Rule 7.1(e)(2).

Although the Court construes pleadings filed by pro se litigants liberally, these litigants are still bound by the rules of procedure. *King v. Atiyeh,* 814 F.2d 565, 567 (9th Cir. 1987). Here, this Court issued an order setting a briefing schedule on January 8, 2019, giving Plaintiff until February 8, 2019 to file an opposition to Defendants' motion to dismiss. (Dkt. No. 8.) Plaintiff has failed to file any opposition, timely or otherwise.

Thus, acting pursuant to Local Rule 7.1, this Court is empowered to grant defendant's unopposed motion to dismiss, as Plaintiffs have effectively consented. *See Ghazali v. Moran*, 46 F.3d 52, 53-54 (9th Cir. 1995) (*per curiam*) (affirming the district court's grant of an unopposed motion to dismiss under local rule by deeming a pro se litigant's failure to oppose as consent to granting the motion). Despite Plaintiff's failure to oppose the motion to dismiss, the Court, nonetheless, considers Defendants' motions.

### C.    Defendant Sheriff William Gore's Motion to Dismiss.

In the complaint, Plaintiff summarily asserts Defendant Sheriff Gore is liable, in his personal and official capacity, on the first count concerning the incident on April 15, 2018,

where Deputy Davila refused to take him to medical for treatment, because the events occurred under Deputy Gore's supervision. (Dkt. No. 1, Compl. at 3.)

In his motion, Defendant Sheriff Gore argues that the complaint should be dismissed as to him in his personal capacity because there are no factual allegations that he was involved or was even aware of any of the incidents alleged.

Regardless of what rank a local government employee holds in the government hierarchy, "[l]iability under section §1983 arises only upon a showing of personal participation by the defendant." *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989); *see also Palmer v. Sanderson*, 9 F.3d 1433, 1438 (9th Cir. 1993) (explaining that a "state statute imposing vicarious liability on a sheriff for the conduct of his or her deputies is 'inconsistent with the . . . laws of the United States. . . .'"). There is no respondeat liability under section 1983." *Taylor*, 880 F.2d at 1045. As to Defendant Gore, a "supervisor is only liable for constitutional violations of his subordinates if the supervisor participated in or directed the violations, or knew of the violations and failed to act to prevent them." *Id.*; *see Hansen v. Black*, 885 F.2d 642, 645-6 (9th Cir. 1989) ("[a] supervisor may be liable if there exists either (1) his or her personal involvement in the constitutional deprivation, or (2) a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation."). Vague allegations without any factual support fails to prove liability. *Hansen*, 885 F.2d at 646.

Plaintiff summarily alleges that Gore is liable because Plaintiff is under the supervision of Defendant Gore and he prevented Plaintiff from feeling secure and safe. (Dkt. No. 1 at 3.) Plaintiff fails to present any factual allegations that Sheriff Gore was personally involved or even aware of the April 15, 2018 incident. Accordingly, the Court GRANTS Defendant Sheriff Gore's motion to dismiss the claim in his personal capacity.

Defendant Sheriff Gore also argues that Plaintiff has also failed to provide any factual allegations that he is liable in his official capacity.

Official-capacity suits "generally represent only another way of pleading an action against an entity of which an officer is an agent." *Kentucky v. Graham*, 473 U.S. 159, 165-66. Therefore, a suit against a state official in his official capacity is essentially a suit against the State. *Will v. Michigan Dept. of State Police*, 491 U.S. 58, 71 (1989). Because States are not "person" under § 1983, state officials sued in their official capacities are not "persons" under § 1983. *Doe v. Lawrence Livermore Nat'l Lab.*, 131 F.3d 836, 839 (9th Cir. 1997). "An official sued in his official capacity has the same immunity as the state, and is entitled to eleventh amendment immunity." *Pena v. Gardner*, 976 F.2d 469, 473 (9th Cir. 1992). Thus, the Eleventh Amendment bars suits for money damages in federal court against state officials acting in their official capacities. *Id.*

Here, Plaintiff alleges a claim for damages against Defendant Sheriff Gore in his official capacity. Such a claim is barred by the Eleventh Amendment. Accordingly, the Court GRANTS Defendant Sheriff Gore's motion to dismiss the complaint against him in his official capacity as barred by the Eleventh Amendment.

### D. Defendant Deputy Sheriff Young Park's Motion to Dismiss

On the second count, Plaintiff alleges, on June 16, 2018, he was sexually harassed and discriminated against due to his ethnic background and sexual orientation by Defendant Deputy Park. (Dkt. No. 1, Compl. at 4.) He alleges that Park on many different days would ask Plaintiff to say the "4 B's" (Big, Black, Beautiful, Baby) and in exchange Plaintiff would receive extra county food or a county welfare pack. (*Id.*) On private occasions, Deputy Park would make verbal sexual advances towards Plaintiff saying "Black King" or "Baby." (*Id.*) Plaintiff claims this made him feel "very cheap and unsafe." (*Id.*) Deputy Park was moved to another facility after an internal affairs investigation. (*Id.*)

Defendant Park argues that Plaintiff attempts to allege a claim under the Eighth Amendment for cruel and unusual punishment premised on sexual harassment and racial slurs. However, Defendant has not stated whether Plaintiff is a pretrial detainee, subject

to the "objective deliberate indifference standard" under the Fourteenth Amendment, or a convicted prisoner subject to the "subjective deliberate indifference standard" under the Eighth Amendment. *Kingsley v. Hendrickson*, 135 S. Ct. 2466, 2472-73 (2015); *Castro v. Cnty. of Los Angeles*, 833 F.3d 1060, 1068-71 (9th Cir. 2016) (*en banc*), *cert denied*, *Los Angeles Cnty. v. Castro*, 137 S. Ct. 831 (2017) ("Inmates who sue prison officials for injuries suffered while in custody may do so under the Eighth Amendment's Cruel and Unusual Punishment Clause, or if not yet convicted, under the Fourteenth Amendment's Due Process Clause.").

In its screening order, the Court presumed, for purposes of screening only, that Plaintiff was a pretrial detainee at San Diego Central Jail and Vista Detention Facility and applied the Fourteenth Amendment standard.  (Dkt. No. 3 at 6.)  Yet, Defendant has not clarified the status of Plaintiff.

To the extent Defendant Park moves to dismiss based under the Eighth Amendment, the motion shall be granted.  The Ninth Circuit has held that "verbal harassment does not generally violate the Eighth Amendment." *Keenan v. Hall*, 83 F.3d 1083, 1092 (9th Cir. 1996) (granting summary judgment based on verbal harassment by the defendant that denied the plaintiff "peace of mind."); *Austin v. Terhune*, 367 F.3d 1167, 1172-72 (9th Cir. 2004) (claim of cruel and unusual punishment under Eighth Amendment based on verbal sexual harassment, not accompanied by physical touching, did not constitute constitutional violation).  Here, Plaintiff alleges Deputy Park verbally made sexual comments without any allegations of touching.  Therefore, the Court GRANTS Defendant Park's motion to dismiss the claim against him based on the Eighth Amendment.[3]

---

[3] In the event that Plaintiff files an amended complaint, and Defendant Park files another motion to dismiss, he shall inform the Court whether Plaintiff was a pretrial detainee or convicted prisoner during the time of the alleged incident.

1    Next, in liberally the complaint, Plaintiff asserts a claim for racial and sexual

2    orientation discrimination under the equal protection clause of the Fourteenth

3    Amendment.

4         To state a claim under Section 1983, a plaintiff must allege: (1) that a right secured

5    by the Constitution or laws of the United States was violated and (2) that the alleged

6    violation was committed by a person acting under the color of state law.  *See West v.*

7    *Atkins*, 487 U.S. 42, 48 (1988); *McDade v. West*, 223 F.3d 1135, 1139 (9th Cir. 2000).

8    "[P]risoners are protected under the Equal Protection Clause of the Fourteenth

9    Amendment from invidious discrimination based on race."  *Wolf v. McDonnell*, 418 U.S.

10   539 (1974).  "The Equal Protection Clause of the Fourteenth Amendment commands that

11   no State shall 'deny to any person within its jurisdiction the equal protection of the laws,'

12   which is essentially a direction that all persons similarly situated should be treated alike."

13   *City of Cleburne v. Cleburne Living Center, Inc.,* 473 U.S. 432, 439 (1985).  An equal

14   protection claim may be demonstrated by showing that the defendant intentionally

15   discriminated against the plaintiff based on his or her membership in a protected class,

16   *Serrano v. Francis*, 345 F.3d 1071, 1082 (9th Cir. 2003), *Lee v. City of Los Angeles*, 250

17   F.3d 668, 686 (9th Cir. 2001), or that similarly situated individuals were intentionally

18   treated differently without a rational relationship to a legitimate state purpose, *Village of*

19   *Willowbrook v. Olech*, 528 U.S. 562, 564 (2000); *North Pacifica LLC v. City of Pacifica*,

20   526 F.3d 478, 486 (9th Cir. 2008).

21        Plaintiff appears to allege that Defendant Park intentionally discriminated against

22   him based on the classification of race and sexual orientation.

23        "To state a claim under 42 U.S.C. § 1983 for a violation of the Equal Protection

24   Clause of the Fourteenth Amendment a plaintiff must show that the defendants acted with

25   an intent or purpose to discriminate against the plaintiff based upon membership in a

26   protected class."  *Barren v. Harrington*, 152 F.3d 1193, 1194 (9 Cir. 1998) *cert. denied*,

27   525 U.S. 1154 (1999).  "Conclusory allegations by themselves do not establish an equal

28

9

protection violation without proof of invidious discriminatory intent." *Luca v. Lewis*, 1994 WL 255238, at *1 (9th Cir. June 10, 1994) (unpublished) (citing *Village of Arlington Heights v. Metropolitan Hous. Dev. Corp.*, 429 U.S. 252, 265 (1977)).

Here, Plaintiff claims that Defendant Park discriminated against him because he is gay and black. While Plaintiff, as an African American and gay, is a protected member of a class based on race and sexual orientation, *see Latta v. Otter*, 771 F.3d 456, 468 (9th Cir. 2014) ("classifications on the basis of sexual orientation are subject to heightened scrutiny"), and *Damiano v. Florida Parole & Probation Comm'n*, 785 F.2d 929, 932-33 (11th Cir. 1986) (protected classes include race, religion, national origin, and poverty), Plaintiff has not specifically alleged that Defendant Park acted with an intent or purpose to discriminate against Plaintiff based on race and gender orientation.

Moreover, courts have held that verbal harassment, including abuse or threats, without more, is not cognizable under a § 1983 claim based on the Fourteenth Amendment. *Zavala v. Barnik*, 545 F. Supp. 2d 1051, 1058 (C.D. Cal. 2008), *aff'd* 348 Fed. App'x 211 (2009) (alleged comments by correctional officer shouting "ethinic/racial" and "alien" profanities did not state a claim under the Eighth or Fourteenth Amendment)*; Freeman v. Arpaio*, 125 F.3d 732, 738 (9th Cir. 1997), *abrogated on other grounds by Shakur v. Schriro*, 514 F.3d 878 (9th Cir. 2008) (abusive name calling directed at inmate's religion was not violation of Fourteenth Amendment under § 1983); *DeWalt v. Carter*, 224 F.3d 607, 612 (7th Cir. 2000) (standing alone, simple verbal harassment does not constitute cruel and unusual punishment, deprive a prisoner of a protected liberty interest, or deny a prisoner equal protection of the laws);  *see Oltarzewski v. Ruggiero*, 830 F.2d 136, 139 (9th Cir.1987) (directing vulgar language at inmate does not state a constitutional claim under § 1983); *see e.g., Patton v. Przybylski*, 822 F.2d 697, 700 (7th Cir.1987) (use of derogatory racial epithets does not violate due process under the Fourteenth Amendment).

Therefore, Plaintiff's alleged verbal harassment based on race and gender orientation by Defendant Park fails to state claim under the equal protection clause of the Fourteenth Amendment, and the Court GRANTS Defendant Park's motion to dismiss for failing to state a claim.

### E.    Leave to Amend

Leave to amend, whether or not requested by the plaintiff, should be granted unless amendment would be futile. *Schreiber Distrib. Co.,* 806 F.2d at 1401. Here, the Court concludes that it would not be futile to allow Plaintiff leave to amend the complaint. Accordingly, the Court GRANTS Plaintiff leave to file an amended complaint.

## CONCLUSION

For the reasons set forth above, the Court **GRANTS** Defendant Sheriff William D. Gore's motion to dismiss the complaint and **GRANTS** Defendant Deputy Park's motion to dismiss the complaint with leave to amend. Plaintiff may file an amended complaint on or before **March 22, 2019.** If Plaintiff fails to file an amended complaint by the deadline, the case will remain closed as to these Defendants Sheriff Gore and Deputy Park.

**IT IS SO ORDERED.**

Dated:  February 26, 2019

Hon. Gonzalo P. Curiel
United States District Judge