UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAMAREE RAYSHAWN THOMAS,<br><br>Plaintiff,<br><br>v.<br><br>WILLIAM D. GORE, "Chief" Sheriff Deputy; CDAVILSH DAVILA, San Diego Sheriff Deputy; YPARKXSH PARK, San Diego Sheriff Deputy; KSANNISH SANNICOLAS, San Diego Sheriff Deputy,<br><br>Defendants. | Case No.: 3:18-CV-1929-GPC-MDD<br><br>**ORDER GRANTING DEFENDANTS DEPUTY CRISTIAN DAVILA AND KATRINA SAN NICOLAS' MOTION TO DISMISS**<br><br>**[DKT. NO. 14.]** |

Before the Court is a motion to dismiss the complaint for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6) brought by Defendant Sheriff's Deputy Cristian Davila[1] ("Deputy Davila") and Defendant Sheriff's Deputy Katrina San Nicolas[2] ("Deputy San Nicolas") (Dkt. No. 14.) Plaintiff did not file an opposition. For the reasons below, the Court **GRANTS** Defendant Deputy Davila's motion to dismiss as to Count 1 and Defendant Deputy San Nicolas as to Count 3.

---

[1] Defendant Cristian Davila is erroneously sued as Cdavilsh Davila.
[2] Defendant Katrina San Nicolas is erroneously sued as Ksannish Sannicolas.

1

## I. BACKGROUND

On August 17, 2018, Plaintiff Damaree Rayshawn Thomas ("Plaintiff"), an inmate proceeding *pro per*, filed a complaint alleging claims for constitutional violations under 42 U.S.C. § 1983 while he was housed at San Diego Central Jail and the Vista Detention Center. (Dkt. No. 1, Compl.) Defendants Cristian Davila and Katrina San Nicolas are Sheriff Deputies with the San Diego County Sheriff's Department. (Dkt. No. 1 at 2[3].)

In Count 1, Plaintiff alleges that on April 15, 2018 he was assaulted and attacked by another inmate. (*Id*. at 3.) The inmate hit Plaintiff in the face causing him injury to his front tooth and lip. (*Id.*) Plaintiff claims Deputy Davila refused to take him to medical for treatment despite repeated requests. (*Id.*) Instead, he was read his rights and subject to disciplinary action resulting in "ten days of 24 hour lock down." (*Id.*)

In Count 3, Plaintiff claims, on July 9, 2018, he requested staff to place him in a cell by himself because he was not getting along with his cellmate. (*Id.* at 5.) Instead, he was handcuffed and escorted to a disciplinary cell by Deputy San Nicolas. (*Id.*) When Plaintiff stated he was suicidal, he was escorted to medical where he claims he was not seen by medical staff. (*Id.*) Plaintiff also claims he was escorted back to his disciplinary cell in handcuffs where he was then sexually harassed by Deputy San Nicolas. (*Id.*) Plaintiff alleges Deputy Sannicolas made inappropriate comments to him. (*Id.*) Because he was still handcuffed, Plaintiff began to yell he was suicidal and claims he could not use the medical button in his cell and was unable to use the bathroom. (*Id.*) He alleges that during this period he soiled himself. (*Id.*) As of July 14, 2018, Plaintiff claims he was still in a disciplinary cell, subjected to 24-hour lockdown, not allowed to use the recreation yard, and was prevented from reading books even for legal purposes and using the phone. (*Id.*) Plaintiff seeks damages in the amount of $1,000,000 and punitive damages in the amount of $1,000,000. (*Id.* at 7.)

---

[3] Page numbers are based on the CM/ECF pagination.

On January, 24, 2019, Deputies Davila and San Nicolas filed a motion to dismiss the complaint. (Dkt. No. 14.) To date, Plaintiff has not filed an opposition.

## Discussion

**A.  Legal Standard under Federal Rule of Civil Procedure 12(b)(6)**

A motion to dismiss under Federal Rule of Civil Procedure ("Rule") 12(b)(6) tests the sufficiency of a complaint. *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). Dismissal is warranted under Rule 12(b)(6) where the complaint lacks a cognizable legal theory. *Robertson v. Dean Witter Reynolds, Inc.*, 749 F.2d 530, 534 (9th Cir. 1984); *see Neitzke v. Williams*, 490 U.S. 319, 326 (1989) ("Rule 12(b)(6) authorizes a court to dismiss a claim on the basis of a dispositive issue of law."). Alternatively, a complaint may be dismissed where it presents a cognizable legal theory yet fails to plead essential facts under that theory. *Robertson*, 749 F.2d at 534. While a plaintiff need not give "detailed factual allegations," a plaintiff must plead sufficient facts that, if true, "raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 545 (2007). A claim is facially plausible when the factual allegations permit "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quoting *Twombly*, 550 U.S. at 547). In other words, "the non-conclusory 'factual content,' and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief." *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009) (citation omitted).

While a *pro se* complaint is to be read liberally, such litigants are not exempt from the procedural rules of this Court. *See Weilburg v. Shapiro,* 488 F.3d 1202, 1205 (9th Cir. 2007); *Barrett v. Belleque*, 544 F.3d 1060, 1061-62 (9th Cir. 2008). Rather, *pro se* complaints may be dismissed for failure to state a claim where "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Haines v. Kerner,* 404 U.S. 519, 520-21 (1972); *see also Estelle v. Gamble*, 429 U.S. 97, 106 (1976) (finding a prisoner's pro se complaint was insufficient to state a

cause of action). Therefore, this Court need not accept as "true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001) (citation omitted), a*mended on other grounds*, 275 F.3d 1187 (9th Cir. 2001).

Where a motion to dismiss is granted, "leave to amend should be granted 'unless the court determines that the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency.'" *DeSoto v. Yellow Freight Sys., Inc.,* 957 F.2d 655, 658 (9th Cir. 1992) (quoting *Schreiber Distrib. Co. v. Serv-Well Furniture Co.,* 806 F.2d 1393, 1401 (9th Cir. 1986)). In other words, where leave to amend would be futile, the Court may deny leave to amend. *See Desoto,* 957 F.2d at 658*; Schreiber*, 806 F.2d at 1401.

### B. Plaintiffs' Failure to Oppose Defendants' Motion to Dismiss

Southern District of California Local Civil Rule 7.1 states that "[i]f an opposing party fails to file the papers in the manner required by Civil Local Rule 7.1(e)(2), that failure may constitute a consent to the granting of a motion or other required for ruling by the court." Civ. L. Rule 7.1(f)(3)(c). The time for filing opposition to a motion, set forth in Civil Local Rule 7.1(e)(2), is no later than fourteen (14) calendar days prior to the noticed hearing. Civ. L. Rule 7.1(e)(2).

Although the Court construes pleadings filed by pro se litigants liberally, these litigants are still bound by the rules of procedure. *King v. Atiyeh,* 814 F.2d 565, 567 (9th Cir. 1987). Here, this Court issued an order setting a briefing schedule on January 25, 2019, giving Plaintiff until February 22, 2019 to file an opposition to Defendants' motion to dismiss. (Dkt. No. 15.) Plaintiff has failed to file any opposition, timely or otherwise.

Thus, acting pursuant to Local Rule 7.1, this Court is empowered to grant defendant's unopposed motion to dismiss, as Plaintiff has effectively consented. *See Ghazali v. Moran*, 46 F.3d 52, 53-54 (9th Cir. 1995) (*per curiam*) (affirming the district court's grant of an unopposed motion to dismiss under local rule by deeming a pro se

4

litigant's failure to oppose as consent to granting the motion). Despite Plaintiff's failure to oppose the motion to dismiss, the Court, nonetheless, considers Defendants' motion.

### C. Defendant Deputy Cristian Davila

In Count 1 of the complaint, Plaintiff alleges that on April 15, 2018 he was assaulted and attacked by another inmate "who had priors of sudden assaults." (Dkt. No. 1, Compl. at 3.) The inmate hit Plaintiff in the face causing him to lose consciousness and he sustained injury to his front tooth and lip. (*Id.*) Plaintiff claims Deputy Davila failed to protect him from being assaulted by another inmate and refused to take Plaintiff to medical for treatment. (Dkt. No. 1, Compl. at 2-3.)

In his motion, Deputy Davila argues that the complaint should be dismissed against him because there are no factual allegations to support an Eighth Amendment violation of a failure to protect and failure to summon medical care.

To state a claim under Section 1983 for a violation of Eighth Amendment rights, a plaintiff must allege: (1) that a right secured by the Constitution or laws of the United States was violated and (2) that the alleged violation was committed by a person acting under the color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988); *McDade v. West*, 223 F.3d 1135, 1139 (9th Cir. 2000).

To establish a violation of a prison official's duty to take reasonable steps to protect inmates from physical abuse, the prisoner must establish that prison officials were "deliberately indifferen[t]" to serious threats to the inmate's safety. *Farmer v. Brennan*, 511 U.S. 825, 833–34 (1994). The deprivation alleged must be "objectively, 'sufficiently serious'" and the prison official must be subjectively "deliberately indifferent" to the inmate's safety. *Id.* at 834. To demonstrate "deliberate indifference" to a serious threat to the inmate's safety, the prisoner must show that "the official [knew] of and disregard[ed] an excessive risk to inmate . . . safety." *Id.* at 837.

Here, Plaintiff alleges that the inmate he was conversing with had a history of prior assaults when he was attacked but has failed to provide any factual allegations that

5

Deputy Davila knew the other inmate had a prior history of sudden violence and disregarded that risk, and that there was a serious threat or an excessive and obvious risk to Plaintiff's safety. Accordingly, the Court GRANTS Defendant Davila's motion to dismiss the claim that Deputy Davila failed to protect him.

In Count 1, Plaintiff also asserts a claim against Deputy Davila for refusing to summon medical care after he was assaulted. Deputy Davila argues Plaintiff failed to allege he was deliberately indifferent to Plaintiff's serious medical needs because his injury was not serious. (Dkt. No. 14 at 6.)

"[D]eliberate indifference to a prisoner's serious illness or injury states a cause of action under § 1983." *Estelle v. Gamble*, 429 U.S. 97, 105 (1976); *see also Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006). In the Ninth Circuit, the test for deliberate indifference consists of two parts. *McGuckin v. Smith*, 974 F.2d 1050 (9th Cir. 1991), *overruled on other grounds by WMX Techs., Inc. v. Miller*, 104 F.3d 1133 (9th Cir.1997) (en banc). First, the plaintiff must show a "serious medical need" exists if "failure to treat a prisoner's condition could result in further significant injury or the 'unnecessary and wanton infliction of pain.' " 974 F.2d at 1059 (quoting *Estelle*, 429 U.S. at 104). Second, the plaintiff must show the defendant's response to the need was deliberately indifferent. *Id.* at 1060.

Here, Plaintiff claims that he was struck in the face and knocked out unconscious by another inmate. Allegedly, the assault also caused injury to Plaintiff's tooth and the inside of his mouth. The complaint is absent any facts that show the Plaintiff was in a serious medical need, such that, his failure to receive medical treatment resulted in further injury or additional and unnecessary pain. As to the allegations that Defendant Davila's response was deliberately indifferent, Plaintiff has not provided any facts that support his claim.

In sum, Plaintiff fails to state a claim for an Eighth Amendment violation under 42 U.S.C. § 1983, and therefore, the Court GRANTS Defendant Davila's motion to dismiss Count 1 for failing to state a claim.

### D. Defendant Deputy Katrina San Nicolas

On Count 3, Plaintiff alleges, on July 9, 2018, he was subjected to cruel and unusual punishment, sexually harassed and retaliated against by Defendant Deputy San Nicolas. (Dkt. No. 1, Compl. at 5.) He claims that when he asked to be placed in a cell by himself because he did not get along with his cell mate, he was handcuffed and escorted to a disciplinary cell by Deputy San Nicolas. (Id.) When Plaintiff said he was suicidal, Deputy San Nicolas took him to medical where he was not seen by medical staff and was pushed back into his disciplinary cell with handcuffs. (Id.) Then while handcuffed in the disciplinary cell, Deputy San Nicolas sexually harassed Plaintiff by stating "don't you have a big enough ass, stop acting like one." (Id.) Plaintiff also alleges that due to his being handcuffed for about thirty minutes, he was denied access to his medical button and unable to use the restroom so he soiled himself. (Id.) He claims as of July 14, 2018, he was still in disciplinary cell with a 24 hour lock down with no privileges. (Id.)

Defendant San Nicolas argues Plaintiff failed to state a claim under the Eighth Amendment for sexual harassment. However, Defendant has not stated whether Plaintiff is a pretrial detainee, subject to the "objective deliberate indifference standard" under the Fourteenth Amendment, or a convicted prisoner subject to the "subjective deliberate indifference standard" under the Eighth Amendment. *Kingsley v. Hendrickson*, 135 S. Ct. 2466, 2472-73 (2015); *Castro v. Cnty. of Los Angeles*, 833 F.3d 1060, 1068-71 (9th Cir. 2016) (*en banc*), *cert denied*, *Los Angeles Cnty. v. Castro*, 137 S. Ct. 831 (2017) ("Inmates who sue prison officials for injuries suffered while in custody may do so under the Eighth Amendment's Cruel and Unusual Punishment Clause, or if not yet convicted, under the Fourteenth Amendment's Due Process Clause.").

In its screening order, the Court presumed, for purposes of screening only, that Plaintiff was a pretrial detainee at San Diego Central Jail and Vista Detention Facility and applied the Fourteenth Amendment standard. (Dkt. No. 3 at 6.) Yet, Defendant has not clarified the status of Plaintiff.

To the extent Defendant San Nicolas moves to dismiss based under the Eighth Amendment, the motion shall be granted. The Ninth Circuit has held that "verbal harassment does not generally violate the Eighth Amendment." *Keenan v. Hall*, 83 F.3d 1083, 1092 (9th Cir. 1996) (granting summary judgment based on verbal harassment by the defendant that denied the plaintiff "peace of mind."); *Austin v. Terhune*, 367 F.3d 1167, 1172-72 (9th Cir. 2004) (claim of cruel and unusual punishment under Eighth Amendment based on verbal sexual harassment, not accompanied by physical touching, did not constitute constitutional violation). Here, Plaintiff alleges Deputy San Nicolas made one sexual comment without any allegations of touching. Therefore, the Court GRANTS Defendant San Nicolas' motion to dismiss the sexual harassment claim in Count 3 based on the Eighth Amendment.[4]

Defendant San Nicolas also argues that Count 3 fails to allege any facts that Deputy San Nicolas subjected him to cruel and unusual punishment under the Eighth Amendment. To the extent Plaintiff was a convicted prisoner subject to the Eighth Amendment, Defendant further argues that the complaint is absent of any claims of pain, serious psychological damage, or that Deputy San Nicolas' behavior was unusually disturbing or calculated in such a way to bring damage to Plaintiff.

---

[4] In the event that Plaintiff files an amended complaint, and Defendant San Nicolas files another motion to dismiss, she shall inform the Court whether Plaintiff was a pretrial detainee or convicted prisoner during the time of the alleged incident.

To state a claim for deliberate indifference to a prisoner's safety, the prisoner must show that the prison official knew of an objectively serious risk of harm and acted with deliberate indifference to the risk. *See Famer*, 511 U.S. at 834, 847. Deliberate indifference is a difficult standard to meet, as the alleged deprivation must be "sufficiently serious" and "pose a substantial risk of serious harm." *Id.* at 834.

Here, Plaintiff alleges Deputy San Nicolas escorted Plaintiff, in handcuffs, to a disciplinary cell and when he said he was suicidal took him to medical and then he was taken back to a disciplinary cell. (Dkt. No. 1, Compl. at 5.) The complaint is absent of any factual support that the alleged deprivation was sufficiently serious or that Deputy San Nicolas had the requisite state of mind of deliberate indifference. Thus, the Court GRANTS Deputy San Nicolas' motion to dismiss the cruel and unusual punishment claim in Count 3.

Finally, Defendant Deputy San Nicolas argues that Plaintiff has not alleged any facts to support a retaliation claim. Prisoners have a First Amendment right to file prison grievances. *Brodheim v. Cry*, 584 F.3d 1262, 1269 (9th Cir. 2009). For a viable claim of First Amendment retaliation in the prison context, a Plaintiff must factually allege "(1) an assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." *Id.*

Here, the complaint does not contain any factual allegations that show Deputy San Nicolas took any adverse action against Plaintiff because of his grievance claims. Furthermore, Plaintiff fails to provide any factual allegations as to how the actions by Deputy San Nicolas chilled his First Amendment rights and that the action did not reasonably advance a legitimate correctional goal. Therefore, Plaintiff's fails to state a claim for retaliation by Defendant San Nicolas and the Court GRANTS Defendant San Nicolas' motion to dismiss the retaliation claim contained in Count 3.

9

### E. Leave to Amend

Leave to amend, whether or not requested by the plaintiff, should be granted unless amendment would be futile. *Schreiber Distrib. Co.,* 806 F.2d at 1401. Here, the Court concludes that it would not be futile to allow Plaintiff leave to amend the complaint. Accordingly, the Court GRANTS Plaintiff leave to file an amended complaint.

### CONCLUSION

For the reasons set forth above, the Court **GRANTS** Defendant Deputies Cristian Davila and Katrina San Nicolas' motion to dismiss Counts 1 and 3 of the complaint with leave to amend. Plaintiff may file an amended complaint on or before **April 15, 2019.** If Plaintiff fails to file an amended complaint by the deadline, the case will remain closed as to Defendants Deputy Davila and Deputy San Nicolas.

On February 26, 2019, the Court granted Defendants Sheriff William Gore and Deputy Young Park's motion to dismiss with leave to amend directing Plaintiff to file an amended complaint by March 22, 2019. (Dkt. No. 18.) Because the Court GRANTS Plaintiff until April 15, 2019 to file an amended complaint against Deputies Cristian Davila and Katrina San Nicolas, the Court also GRANTS Plaintiff until **April 15, 2019** to file an amended complaint against Sheriff William Gore and Deputy Young Park.

**IT IS SO ORDERED.**

Dated: March 18, 2019

Hon. Gonzalo P. Curiel
United States District Judge