UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAMAREE RAYSHAWN THOMAS,<br><br>　　　　　　　　　　　Plaintiff,<br><br>v.<br><br>WILLIAM D. GORE, "Chief" Sheriff Deputy; CDAVILSH DAVILA, San Diego Sheriff Deputy; YPARKXSH, PARK, San Diego Sheriff Deputy; KSANNISH SANNICOLAS, San Diego Sheriff Deputy,<br><br>　　　　　　　　　　　Defendants. | Case No.: 18cv1929-GPC(MDD)<br><br>**ORDER GRANTING DEFENDANTS' EX PARTE MOTION SEEKING ENTRY OF JUDGMENT FOR DEFENDANTS**<br><br>**[Dkt. No. 21.]** |

　　On June 25, 2019, Defendants filed an ex parte motion seeking entry of judgment for Defendants. (Dkt. No. 21.) Plaintiff has not filed an opposition.

　　On August 17, 2018, Plaintiff Damaree Rayshawn Thomas ("Plaintiff"), an inmate proceeding *pro per*, filed a complaint alleging claims for constitutional violations under 42 U.S.C. § 1983 while he was housed at San Diego Central Jail and the Vista Detention Center. (Dkt. No. 1, Compl.) Defendant Sheriff Gore is the Sheriff for the County of San

1

Diego. (Dkt. No. 1 at 2[1].) Defendant Young Park is a Sheriff Deputy with the San Diego County Sheriff's Department. (Id.) Defendants Cristian Davila and Katrina San Nicolas are Sheriff Deputies with the San Diego County Sheriff's Department. (Id.)

On December 21, 2018, Defendant Gore filed a motion to dismiss, (Dkt. No. 7); on January 16, 2019, Defendant Park filed a motion to dismiss, (Dkt. No. 12); and on January 24, 2019, Defendants Davila and Sannicolas filed a motion to dismiss. (Dkt. No. 14.) Plaintiff did not file oppositions to these motions.

On February 26, 2019, the Court granted Defendants Sheriff Gore and Deputy Park's motion to dismiss with leave to amend, and on March 18, 2019, the Court granted Defendants Deputies Davila and San Nicolas' motion to dismiss with leave to amend. (Dkt. Nos. 17, 20.) The amended complaint was due on or before April 15, 2019. (Dkt. No. 20.) To date, almost three full months have passed since the Court issued its order and Plaintiff has failed to file an amended complaint and has not requested an extension of time in which to do so. Moreover, the Court notes that besides filing the Complaint and accompanying motion for leave to proceed in forma pauperis, Plaintiff has not made any filings in this case.

Federal Rule of Civil Procedure 41(b) provides that if "a plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action . . . against it." Fed. R. Civ. P. (41(b). "The failure of the plaintiff eventually to respond to the court's ultimatum–either by amending the complaint or by indicating to the court that [he] will not do so–is properly met with the sanction of a Rule 41(b) dismissal." Edwards v. Marin Park, 356 F.3d 1058, 1065 (9th Cir. 2004).

Based on the above, the Court GRANTS Defendants' *ex parte* motion seeking entry of judgment for Defendant and DISMISSES this civil action in its entirety without prejudice based on Plaintiff's failure to prosecute and failure to comply with a court order

---

[1] Page numbers are based on the CM/ECF pagination.

as required by the Court's March 18, 2019 Order requiring amendment.  See Fed. R. Civ. P. 41(b).  The Court DIRECTS the Clerk to enter a final judgment of dismissal and close the file.

      IT IS SO ORDERED.

Dated:  July 10, 2019

                                      Hon. Gonzalo P. Curiel
                                      United States District Judge